UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERNEST J. GLYNN, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | 2:19-cv-00176-NT |
| ) | |
| MAINE OXY-ACETLYENE SUPPLY ) | |
| CO., et al., ) | |
| ) | |
| Defendants ) | |

**ORDER ON PLAINTIFFS' MOTION
FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs, participants in an Employee Stock Ownership Plan (ESOP), assert claims under the Employee Retirement Income Security Act (ERISA) in connection with the termination of the ESOP and the sale of the participants' shares. (Complaint, ECF No. 1.) Plaintiffs seek to amend their complaint to assert claims against two new defendants, Bryan Gentry and Maine Oxy-Acetylene Employee Stock Ownership Plan. (Motion, ECF No. 37.) Defendants oppose the motion.

Following a review of the relevant pleadings and after consideration of the parties' arguments, the Court grants Plaintiffs' motion.

**BACKGROUND**

Defendant Maine Oxy-Acetylene Supply Co. established an ESOP in 2004 through which plan employees could purchase shares in the company. (Complaint ¶ 12.) By 2006, the ESOP held 49% of the shares in the company. (*Id.* ¶ 14.) In 2012, the owners of the remaining 51% of the shares sold their stock to Defendant Guerin, who was the president

of the company at that time. (*Id.* ¶¶ 20, 21.)  According to Plaintiffs, Defendant Guerin then offered the ESOP participants the opportunity to "'diversify' their investment into 'alternatives other than investment in company stock for a portion of their ESOP balance.'" (*Id.* ¶ 33.)  The ESOP was to be dissolved and replaced with a 401(k) plan.  (*Id.* ¶ 35.) Plaintiffs contend that the ESOP participants were ultimately paid much less for their shares than the former majority shareholders were paid for their shares.  (*Id.* ¶¶ 41, 62.)

Plaintiffs seek to add Bryan Gentry as a defendant.  In the proposed Second Amended Complaint (SAC), Plaintiffs assert in part the following with respect to Gentry:

- Mr. Gentry participated in the confidential discussions and negotiations for the purchase by Defendant Guerin of the majority shareholders' stock (Proposed Second Amended Complaint (SAC) ¶ 20, ECF No. 37-1.);

- Mr. Gentry financed the purchase of those shares by Defendant Guerin (SAC ¶ 23);

- Mr. Gentry actively concealed from the ESOP participants the purchase price of the majority shareholders' stock (SAC ¶ 24);

- At the direction of Defendant Guerin and Mr. Gentry, a valuation firm, third-party administrator, and law firms associated with the management, accounting, and oversight of the ESOP were relieved of their duties and replaced (SAC ¶ 31);

- Mr. Gentry, along with Defendant Guerin, orchestrated the demise of a committee overseeing the administration of the ESOP (SAC ¶ 32);

- Mr. Gentry worked in concert with the other defendants to deliberately acquire all of the ESOP stock from plan participants at a steep discount (SAC ¶ 56);

- Mr. Gentry was aware of valuations of the company's stock that confirmed the valuation used to purchase ESOP participants' stock did not reflect fair market value (SAC ¶ 118); and

- Mr. Gentry misrepresented the value of the ESOP participants' shares (SAC ¶ 127).

Plaintiffs also seek to add the ESOP, the Maine Oxy-Acetylene Co. Employee Stock Ownership Plan, as a defendant.

## DISCUSSION

### A. Standard of Review

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. When a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Defendants oppose Plaintiffs' motion to amend the complaint based on the futility of the proposed amendment. A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

3

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n.1. Defendants argue Plaintiffs have not alleged sufficient facts to support a claim against Gentry or the ESOP.

### B. Brian Gentry

Defendants argue that Plaintiffs have failed to allege facts necessary to establish that Gentry is a fiduciary, which is required in order to state a claim against him under ERISA. The Supreme Court has explained:

> In every case charging breach of ERISA fiduciary duty, … the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, performing a fiduciary function) when taking the action subject to complaint.

*Pegram v. Herdrick*, 530 U.S. 211, 226 (2000).

Under section 3(21)(A) of ERISA, 29 U.S.C. 1002(21)(A),

4

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

The definition a fiduciary under ERISA is "to be broadly construed." *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997). The First Circuit has noted two points a court should consider when assessing whether one qualifies as a functional fiduciary with respect to an ERISA plan, its administration or its assets:

> The key determinant of whether a person qualifies as a functional fiduciary is whether that person exercises discretionary authority in respect to, or meaningful control over, an ERISA plan, its administration, or its assets (such as by rendering investment advice). We make two points that inform application of this rule. First, the mere exercise of physical control or the performance of mechanical administrative tasks generally is insufficient to confer fiduciary status. Second, fiduciary status is not an all or nothing proposition; the statutory language indicates that a person is a plan fiduciary only "to the extent" that he possesses or exercises the requisite discretion and control. 29 U.S.C. 1002(21)(A). Because one's fiduciary responsibility under ERISA is directly and solely attributable to his possession or exercise of discretionary authority, fiduciary liability arises in specific increments correlated to the vesting or performance of particular fiduciary functions in service of the plan, not in broad, general terms.

*Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 18 (1st Cir. 1998) (citations omitted).

Plaintiffs' conclusory assertion that Gentry acted as a fiduciary (SAC ¶ 125), without more, is insufficient to sustain their claim. *See Twombly*, 550 U.S. at 555 (a pleading "requires more than labels and conclusions"). In addition, to the extent Plaintiffs attempt to assert a claim based on Gentry's involvement in Defendant Guerin's alleged

5

breach of fiduciary duty, Plaintiffs' claim would be futile. The law does not recognize a claim for damages under ERISA based on a non-fiduciary's participation in another party's alleged breach of fiduciary duty. *See, e.g., Pharmaceutical Care Management Ass'n v. Rowe*, 429 F.3d 294, 300 (1st Cir. 2005); *Reich v. Rowe*, 20 F.3d 25, 29 (1st Cir. 1994); *Renfro v. Unisys Corp.*, 671 F.3d 314, 325 (3d Cir. 2011); *Reich v. Cont'l Cas. Co.*, 33 F.3d 754, 757 (7th Cir. 1994).

Plaintiffs' proposed Second Amended Complaint, however, is not limited to conclusory assertions or allegations that Gentry helped facilitate Defendant Guerin's alleged breach. Notably, Plaintiffs allege:

> At the direction of Defendants Guerin and Gentry, the valuation firm, third-party administrator, and law firms associated with management, accounting, and oversight of the ESOP were relieved of their duties with Maine Oxy and replaced. Maine Oxy also replaced employees in key financial positions and the Trustee of the ESOP. (SAC ¶ 31.) Defendant Guerin and Gentry also orchestrated the demise of the ESOP Committee. (SAC ¶ 32.) Defendant Gentry worked in concert with Defendant Guerin and Defendant Maine Oxy to deliberately acquire all of the ESOP stock from Maine Oxy's employees at a steep discount. (SAC ¶ 56.) Defendant Gentry intentionally and/or negligently misrepresented the value of the employees' 49% share of the company in order to facilitate the purchase of the employee stock at a steep discount, to the direct benefit of both Maine Oxy and Mr. Guerin personally and to the detriment of the ESOP participants. (SAC ¶ 127.)

Plaintiffs' allegations can reasonably be construed to assert that in discharging the contractors involved in the administration and management of the plan, Gentry exercised some control or authority over the management of the plan as contemplated by 29 U.S.C. 1002(21)(A) ("a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan…"), that he exercised the control or authority as part of an effort to terminate the

6

ESOP, and that as part of the effort, he made misrepresentations to the detriment of the participants. Given this reasonable construction of the allegations and consistent with the view that the definition of fiduciary under ERISA is to be "broadly construed," *LoPresti v. Terwilliger*, 126 F.3d at 40, Plaintiffs have alleged facts, which if proven, could establish Gentry as a fiduciary. Accordingly, the Court cannot conclude at this stage of the proceedings that the amendment to add Gentry as a defendant would be futile.

### C. Maine Oxy-Acetylene Co. Employee Stock Ownership Plan (ESOP)

Defendants argue that because Plaintiffs merely assert that the ESOP was terminated in 2013 (SAC ¶ 59), the ESOP is not a proper defendant. (Opposition at 4.) Plaintiffs seek to join the ESOP because "if the Plaintiffs do obtain judgment or reach a settlement …, the ESOP can subsequently be enjoined to enforce/receive the award as a party to this action." (Motion at 7.) In other words, Plaintiffs maintain that the ESOP is necessary to ensure that Plaintiffs can obtain complete relief.

Plaintiffs further argue that in ERISA suits involving ESOP claims, the ESOP is commonly joined as a nominal defendant. *See, e.g., Acosta v. Reliance Trust Co.*, Case No. 17-cv-4540 (SRN/ECW), 2019 WL 3766379, at *2 (D. Minn. Aug. 9, 2019); *Cheesemore v. Fenkell*, 829 F.3d 803, 809 (7th Cir. 2016); *Sealey v. Johanson*, Civil Action No. 3:15cv137-DPJ-FKB, 2016 WL 1273882, at *6 (N.D. Miss. Mar. 29, 2016). As the Ninth Circuit explained,

> a [p]lan covered by ERISA cannot, as an entity, act as a fiduciary with respect to its own assets. Therefore, a [p]lan cannot be sued for breach of fiduciary duty. This rule, however, does not inexorably lead to the conclusion that a plan cannot be properly named in a suit alleging breach of fiduciary duty. To the extent that a plaintiff seeks "to recover benefits due to him under the

7

>terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," the plan may be named as a defendant. 29 U.S.C. §§ 1132(a)(1)(B), 1132(d) (1988). Thus, even though [plaintiff] cannot sue the … [p]lan for breach of fiduciary duty *per se*, he may, as he has done here, join the [p]lan in his action for breach of fiduciary duty in order that he may obtain the relief sought.

*Acosta v. Pacific Enterprises*, 950 F.2d 611, 619 (9th Cir. 1991). The court's reasoning is logical and persuasive. To the extent, therefore, that Plaintiffs seek relief pursuant to 29 U.S.C. § 1132(a)(1)(B), which permits a participant to assert an action to recover the participant's benefits due under the plan, to enforce the participant's rights under the plan, or to clarify the participant's rights to future benefits under the plan, the ESOP is a proper party to this action.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiffs' motion to amend. The Court permits Plaintiffs to amend their complaint to add Brian Gentry as a defendant and to add Maine Oxy-Acetylene Co. Employee Stock Ownership Plan as a defendant to the extent Plaintiffs seek relief under 29 U.S.C. § 1132(a)(1)(B). Plaintiffs shall file the amended complaint within ten (10) days of the date of this order.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of May, 2020.

8