UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERNEST J. GLYNN, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:19-cv-00176-NT |
| | ) | |
| MAINE OXY-ACETLYENE SUPPLY | ) | |
| CO., et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON
DEFENDANTS' MOTION TO APPROVE CLASS NOTICE**

Defendants move for approval of notice to class members pursuant to Federal Rule

of Civil Procedure 23(c)(2)(B).  (Motion, ECF No. 119.)  Plaintiffs agree that a notice

should be sent to class members and propose a draft notice modeled, as is Defendants'

proposed notice, on the Federal Judicial Center's (FJC) exemplar class notice.  Defendants

and Plaintiffs disagree on some of the content of the notice.

Following a review of the parties' submissions, and after consideration of the

parties' positions on the issues in dispute, I recommend the Court grant the motion in part

and approve a notice in the form attached to this recommended decision as Exhibit A.

**DISCUSSION**

**A.  Information Regarding Possible Individual Settlement**

The Court certified the class pursuant to Federal Rule of Civil Procedure 23(b)(3).

(Order, ECF No. 66.)  Rule 23(c)(2)(B) provides that for a class certified under Rule

23(b)(3), the Court "must direct to class members the best notice that is practicable under

1

the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  A notice issued by a court pursuant to Rule 23(c)(2)(B) "must contain all information 'that a reasonable person would consider material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment.'" *Andrews v. Plains All American Pipeline, L.P*., Case No. CV 15-4113 PSG (JEMx), 2017 WL 10059268, at \*1 (C.D. Cal. July 10, 2017), (quoting *Ravens v. Iftikar*, 174 F.R.D. 651, 655 (N.D. 1997)).

Defendants' proposed notice informs class members that they can opt out of the class and enter into an individual settlement as Defendant has established a settlement fund for potential class members.  (Defendants' Draft Notice at 2, 4, 5, 6, 7, ECF No. 119-1.) Plaintiffs argue that Defendants' proposed notice would encourage class members to bypass the class representatives and class counsel and opt out of the class. (Response, ECF No. 123.)

Defendants do not cite any authority that requires a class notice to include information concerning the possibility of individual settlements.  The FJC's exemplar does not contain any such language.

Defendants' language could limit the number of class members.  "The core purpose of Rule 23(b)(3) is to vindicate the claims of consumers and other groups of people whose individual claims would be too small to warrant litigation." *Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 41 (1st Cir. 2003). To allow "plaintiffs to be 'picked off' at an early stage in a putative class action may waste judicial resources by 'stimulating successive suits brought by others claiming aggrievement.'" *Weiss v. Regal Collections*,

2

385 F.3d 337, 345 (3rd Cir. 2004) (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980).  The Court has determined that a class action is appropriate. The proposed language is not necessary for the putative class members to make an informed decision and would be inconsistent with the purpose of a class action.

Furthermore, reference generally to a settlement fund and possible individual settlements does not provide putative class members with meaningful information.  The amount of the fund and the possible settlement amounts are not described and thus could cause a putative class member to opt out and potentially be left with relatively limited resources, as compared to the class, to sue Defendants if the putative class member determined that the amount available for settlement was insufficient.  That is, given the lack of detail regarding a possible settlement, the proposed language could prompt some putative class members to opt out based on erroneous assumptions regarding the amount available in an individual settlement. The proposed language, therefore, cannot be considered helpful or material to the putative class members' assessment.

**B.  Information Regarding the Related Department of Labor Action**

Defendants' proposed notice includes information regarding the related lawsuit brought against Defendants by the United States Department of Labor (DOL), *Walsh v. Maine Oxy-Acetylene Supply Co. et. al.*, Civil Action No. 2:20-cv-00326-NT (the DOL Action). (Defendants' Draft Notice at 1, 2, 5, 6, 7.)  Plaintiffs argue that reference to the DOL Action would suggest that action is in some way superior to the class action and could cause putative class members to opt out based on the erroneous suggestion.

While a class member could benefit from the DOL action, the objectives of the two actions are not necessarily identical. As the Court noted when it certified the class, "in the past, the DOL has 'strenuously object[ed]' to the idea that its pursuit of ERISA action should presumptively usurp a private class action." (Order at 20, quoting *In re Beacon Assocs. Litig.*, No. 09 Civ. 777(LBS)(AJP), 2012 WL 1569827, at *12 (S.D.N.Y. May 3, 2012).) As another court observed,

> [p]rivate ERISA litigants seek to redress individual grievances. However, in suing for ERISA violations, the Secretary seeks not only to recoup plan losses, but also to supervise enforcement of ERISA, to guarantee uniform compliance with ERISA, to expose and deter plan asset mismanagement, to protect federal revenues, to safeguard the enormous amount of assets and investments funded by ERISA plans, and to assess civil penalties for ERISA violations.

*Herman v. South Carolina Nat'l Bank*, 140 F.3d 1413, 1423 (11th Cir. 1998). Furthermore, a class member could conceivably benefit from both actions.

In short, reference to the DOL action could generate some confusion among putative class members and is not material to their assessment of whether to participate in the class action.

## C. Statute of Limitations Warning

Plaintiffs' proposed notice advises putative class members that if a class member chooses to opt out of the class, "you may not be permitted to assert your individual claims arising from events occurring in 2012 and 2013." (Plaintiffs' Draft Notice at 6, 7, ECF No. 123-1.)

The "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been

permitted to continue as a class action." *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). The tolling extends "to apply not only to plaintiffs who seek to intervene in a pending class action, but also to would-be class members who file actions of their own." *Basch v. Gound Round, Inc*., 139 F.3d 6, 10 (1st Cir. 1998) (citing *Crown, Cork & Seal, Inc. v. Parker*, 462 U.S. 345, 349-52 (1983)). Nevertheless, general language advising class members that statutes of limitation may be applicable to their claims is reasonable.[1]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant in part the motion and authorize the issuance of the Notice in the form of Exhibit A attached hereto.[2]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison

Dated this 28th day of January, 2022.        U.S. Magistrate Judge

---

[1] Such language is included in the Federal Judicial Center's exemplar class notice.

[2] Plaintiffs' proposed class notice provided a short period of time for potential class members to opt out. (Plaintiffs' Draft Notice at 7.) Defendants did not propose a time. To assure that class members have adequate time to receive the notice, and to make an informed decision as to whether to be involved in the lawsuit, a 45-day period would reasonable.

**EXHIBIT A**

**United States District Court for the District of Maine**

**If you are a former Plan Participant in the Maine Oxy-Acetylene Supply Co. Employee Stock Ownership Plan (the ESOP), your rights could be impacted by the class action lawsuit described below.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A class action lawsuit has been filed with this court against Maine Oxy-Acetylene Supply Co. (Maine Oxy), its ESOP, Daniel Guerin, and Bryan Gentry and captioned *Glynn et. al. v. Maine Oxy-Acetylene Supply Co. et. al.*, Civil Action No. 2:19-cv-00176-NT (the "Class Action").  The Class Action alleges that the former Plan Participants in the Maine Oxy ESOP, including you, did not receive enough money for their ESOP shares when the ESOP was terminated in 2013.  The Class Action claims that in 2012, Defendants Guerin and Gentry purchased 51% of Maine Oxy's outstanding stock from Maine Oxy's former majority owners at $654.62 per share for a total purchase price of approximately 17 million dollars. In 2013, Maine Oxy terminated the ESOP plan and paid ESOP members $134.92 a share for the remaining 49% of the company stock, or approximately 3.3 million dollars in total. The Class Action claims that ESOP members are entitled to the difference between the stock price paid for the 2012 purchase by Defendants Guerin and Gentry and the price paid to ESOP Plan Participants in 2013, plus the value of the ESOP Plan Participants' lost opportunity to utilize these funds, invest them, etc.

- The Court has not decided whether the Defendants did anything wrong in this case. There is no guarantee there will be money available at the conclusion of this lawsuit. However, your legal rights are affected, and you have a choice to make now:

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

**DO NOTHING**        **Stay in this lawsuit.  Await the outcome.  Give up certain rights**.

By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or settlement.  But, you give up any rights to sue Maine Oxy and the other Defendants separately about the same legal claims in this lawsuit.

**ASK TO BE EXCLUDED**        **Get out of this lawsuit.  Get no benefits from it.  Keep rights**.

If you ask to be excluded and money or benefits are later awarded in the class action, you won't share in those.  But, you keep any rights to sue Maine Oxy and the other Defendants separately about the same legal claims in this lawsuit.

Your options are explained in this notice.  To ask to be excluded, you must act before **_____, 2022**.

Lawyers must prove the claims against the Defendants at a trial.  The Court has ordered that the case be ready for trial by **June 6, 2022**.  If money or benefits are obtained from the Defendants, you will be notified about how to ask for a share.

Any questions?  Read on.

# WHAT THIS NOTICE CONTAINS

BASIC INFORMATION

    1.  Why did I get this notice?......................................................... 4

    2.  What is this lawsuit about?....................................................... 4

    3.  What is a class action and who is involved?............................ 4

    4.  Why is this lawsuit a class action?.......................................... 5

THE CLAIMS IN THE LAWSUIT

    5.  What does the lawsuit complain about?.................................5

    6.  How do the Defendants answer?............................................5

    7.  Has the Court decided who is right?......................................5

    8.  What are the Plaintiffs asking for?......................................... 6

    9.  Is there any money available now?........................................ 6

WHO IS IN THE CLASS

    10. Am I part of this Class?...........................................................6

    11. I'm still not sure if I am included…………………………...6

YOUR RIGHTS AND OPTIONS

    12. What happens if I do nothing at all?..................................... 6

    13. Why would I ask to be excluded?......................................... 7

    14. How do I ask the Court to exclude me from the Class?.........7

THE LAWYERS REPRESENTING YOU

    15. Do I have a lawyer in this case?...........................................7

    16. Should I get my own lawyer?...............................................8

    17. How will the lawyers be paid?.............................................. 8

THE TRIAL

    18. How and when will the Court decide who is right?............... 8

    19. Do I have to come to the trial?............................................. 9

    20. Will I get money after the trial?........................................... 9

GETTING MORE INFORMATION

    21. Are more details available?................................................. 9

## BASIC INFORMATION

1.  Why did I get this notice?

Defendant Maine Oxy's records show that you were a member of its ESOP program and that you received payment for your shares after the ESOP program was terminated in 2013. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to determine whether the claims being made against the Defendants on your behalf are correct. Judge Nancy Torresen and Magistrate Judge John Nivison of the United States District Court for the District of Maine are overseeing this class action. The lawsuit is known as *Glynn et. al. v. Maine Oxy Acetylene Supply Co., Daniel Guerin and Bryan Gentry*, Civil Action No. 2:19-cv-00176-NT.

2.  What is this lawsuit about?

The Class Action alleges that in 2012, Defendants Guerin and Gentry purchased 51% of Maine Oxy's outstanding stock (25,500 shares) from Maine Oxy's former majority owners at $654.62 per share for a total purchase price of approximately 17 million dollars. In 2013, the Defendants terminated the ESOP plan and paid ESOP members $134.92 a share for the remaining 49% of the company stock, or approximately 3.3 million dollars in total. The Class Action claims that ESOP members are entitled to the difference between the stock price paid for the 2012 purchase ($654.62 per share) and the price paid to ESOP Plan Participants in 2013 ($134.92 per share), plus the value of the Plan Participants' lost opportunity to utilize these funds, invest them, etc.

3.  What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Ernest Glynn, Jeffrey McDonald, Joshua Richardson and Douglas Johnson) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The Class Representatives and all the Class Members like them are called the Plaintiffs.  One court resolves the issues for everyone in the Class – except for those people who choose to exclude themselves from the Class.

4.  Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are over 100 members of the class;
- There are legal questions and facts that are common to each of them;
- The Class Representatives' claims are typical of the claims for the rest of the Class;
- The Class Representatives and the lawyers representing the Class will fairly and adequately represent the Class's interests;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

## THE CLAIMS IN THE LAWSUIT

5.  What does the lawsuit complain about?

The Class Action alleges that in 2012, Defendants Guerin and Gentry purchased 51% of Maine Oxy's outstanding stock (25,500 shares) from Maine Oxy's former majority owners at $654.62 per share for a total purchase price of approximately 17 million dollars. In 2013, the Defendants terminated the ESOP plan and paid ESOP members $134.92 a share for the remaining 49% of the company stock, or approximately 3.3 million dollars in total. The Class Action claims that ESOP members are entitled to the difference between the stock price paid for the 2012 purchase ($654.62 per share) and the price paid to ESOP Plan Participants in 2013 ($134.92 per share), plus the value of the Plan Participants' lost opportunity to utilize these funds, invest them, etc.

6.  How do the Defendants answer?

The Defendants deny that they did anything wrong and contend that the share price paid to the ESOP Plan Participants in 2013 was fair.

7.  Has the Court decided who is right?

The Court hasn't decided whether the Defendants or the Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs

5

will win or lose this case. The Plaintiffs must prove their claims at trial. The Court has ordered that the parties shall be ready for trial on June 6, 2022.  (See "The Trial" below on page 8.)

8.  <u>What are the Plaintiffs asking for</u>?

The Class Action claims that ESOP members are entitled to the difference between the stock price paid for the 2012 purchase ($654.62 per share) and the price paid to ESOP participants in 2013 ($134.92 per share), plus the value of the Plaintiffs' lost opportunity to utilize these funds, invest them, etc.

9.  <u>Is there any money available now</u>?

No money or benefits are available now in this lawsuit because the Court has not yet decided whether the Defendants did anything wrong, and the two sides have not settled the case. There is no guarantee that any money or benefits will ever be obtained. If they are, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS?

You need to decide whether you are affected by this lawsuit.

10.  <u>Am I part of this Class</u>?

Judge Torresen has decided that all Maine Oxy employees who participated in the company ESOP and who sold their shares back to Maine Oxy after Maine Oxy's former majority owners sold their 51% interest in the company are Class Members.

11.  <u>I'm still not sure if I am included</u>.

If you are still not sure whether you are included, please call or write the Class attorneys using the contact information listed in response to question 15.

**YOUR RIGHTS AND OPTIONS**

12.  What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue the Defendants – as part of any other lawsuit – about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

13.  Why would I ask to be excluded?

If you already have your own lawsuit against the Defendants and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class – which also means to remove yourself from the Class, and it sometimes called "opting out" of the Class – you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between the Defendants and the Plaintiffs. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against the Defendants after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you are considering excluding yourself so you can start or continue your own lawsuit against the Defendants, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

14.  How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Glynn v. Maine Oxy et. al.* You must mail your Exclusion Request postmarked by _____**, 2022** to Thomas Douglas, Esq, Douglas, McDaniel & Campo LLC, PA, 90 Bridge St., Suite 100, Westbrook, ME 04092.

15.  <u>Do I have a lawyer in this case</u>?

The Court decided that the attorneys listed below are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases.

| | |
|---|---|
| Thomas L. Douglas, Esq. | Jeffrey P. Russell, Esq. |
| Douglas, McDaniel & Campo | Bloomer Russell Beaupain |
| 90 Bridge St., Suite 100 | 175 Exchange Street |
| Westbrook, ME  04092 | Bangor, ME  04401 |
| (207) 591-5747 | (207) 942-7110 |

Lauren Thomas, Esq.
Law Office of Lauren Thomas, Esq.
18 Wild Rose Ave.
South Portland, ME 04106
(207) 619-4149


More information about these law firms, their practices and their attorneys' experience is available at www.douglasmcdaniel.com and bloomerrussellbeaupain.com.


16.  <u>Should I get my own lawyer</u>?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.


17.  <u>How will the lawyers be paid</u>?

If Class Counsel gets money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by the Defendants.


## THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

18. How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The Court has ordered that the parties shall be ready for trial by **June 6, 2022**. The trial is to be held at the Edward T. Gignoux Federal Courthouse, 156 Federal St., Portland, ME 04101 and Class Counsel will notify you when the specific trial dates are set by the court. During the trial a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

19. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and the Defendants will present their defenses. You or your own lawyer are welcome to attend at your own expense.

20. Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

21. Are more details available?

For additional information, please contact Class Counsel using the information set forth above.