UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERNEST J. GLYNN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 2:19-cv-00176-NT |
| | ) | |
| MAINE OXY- ACETYLENE SUPPLY CO., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————— | ) | |
| MARTIN J. WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:20-cv-00326-NT |
| | ) | |
| MAINE OXY- ACETYLENE SUPPLY CO., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Defendants' Motion to Consolidate**

Pursuant to Fed. R. Civ. P. 42(a), Defendants in the above-captioned matters move to consolidate these cases for all purposes, including trial. Previously, on Defendants' motion to consolidate, the Court had consolidated these matters for purposes of discovery, leaving open whether the matters should be consolidated later for trial. *Glynn* ECF No. 95; *Walsh* ECF No. 46.

In a March 2, 2022, conference of counsel with Judge Torresen in the *Glynn* case, class counsel represented that they favored consolidation for all purposes, and that U.S. Department of Labor (DOL) counsel in the *Walsh* case also favored consolidation.

Immediately, following that conference, Defendants' counsel sent a proposed joint motion to consolidate to counsel in both cases. Both class counsel and DOL counsel said that they would consider the motion.

In follow-up emails, and a later meet-and-confer on March 10, 2022, neither class counsel nor DOL counsel would commit to supporting consolidation or filing a joint motion. They now will only say that they are "considering" the motion, and that they will respond in due course. With discovery set to end on March 31, 2022, consolidation should be addressed now so the Court and the parties can coordinate pre-trial motions and prepare for one trial, not two.

Regardless of whether class counsel or DOL counsel support consolidation, this motion should be granted consistent with First Circuit law that requires consolidation of cases sharing common facts and law *unless* "demonstrable prejudice" can be shown by the opposing parties. *Sequro de Servicio de Salud De Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). Complaints in both cases assert the same legal theories, seeking the same monetary relief on behalf of the same people. With the exception of Carl Paine, who is only a defendant in the *Walsh* case, the defendants against whom relief is sought is the same in both cases.

Discovery has been consolidated and class counsel and DOL counsel have participated jointly in each of the depositions, and both document productions and responses to written discovery have been served on all parties. The parties in both cases

2

can therefore prepare pre-trial motions and for a single trial based on the same discovery record.

Consolidation is also advantageous because both the class and DOL have proffered "prudence" and "valuation" experts. Meanwhile, Defendants' valuation expert has offered his opinion and has also addressed each of the two valuation experts.

Both the class and the DOL valuation experts *appear* to rely on a single transaction, *i.e.*, the September 2012 sale of 51% of the company's shares by Bruce and Joseph Albiston referenced in both complaints, as the basis for their opinions. (We say *appear* because the report of the class valuation expert is so deficient Defendants have filed a motion to exclude that expert.) Yet it *appears* that the class and DOL valuation experts reach different conclusions about the alleged fair market value of the shares. That apparent discrepancy, coupled with competing opinions by Atlantic Management (the independent appraiser whose opinion was used to determine the amount paid to the plan participants in 2013) and Defendants' valuation expert, underscores the necessity of consolidating for trial.

Succinctly, because there are competing expert opinions as to what theory of damages (if any) is appropriate, the Court should hear them in the same trial so it can weigh the merits (if any) of conflicting opinions from all, not just some, of the experts. In that way, the Court can reach one conclusion, not two, on the *correct* value of Maine Oxy's stock and avoid not only the expense and inefficiency of separate trials but also the risk

of inconsistent results. Consolidation is therefore the only way to faithfully follow Fed. R. Civ. P. 1's requirements as there is nothing "speedy" or "inexpensive" about trying the same case twice, nor anything "just" in risking the possibility of conflicting outcomes (with the inevitable result that at least one of the outcomes would be wrong).

Defendants intend to vigorously defend these two cases in the same manner. When deposed (with all parties from both cases attending), Atlantic Management's principals vigorously defended their valuation and confirmed that the sole transaction relied upon the two plaintiffs' experts was not indicative of fair market value.

Likewise, Patrick Heffernan, an experienced industry executive, invested in Maine Oxy at about the same time that the ESOP was being terminated, and the enterprise value of Maine Oxy based on his investment was actually less than what plan participants received under Atlantic Management's valuation when the ESOP was terminated. And class counsel and DOL counsel jointly took his deposition.

All of this evidence will be presented by the Defendants at trial and, if the Court credits the work of Atlantic Management, as confirmed by a savvy industry investor, Defendants should prevail entirely in both cases. But, in either event, the Court should not have to hear the evidence twice in two separate trials.

In short, class counsel and DOL counsel are making similar, if not the same, arguments in the *Glynn* and *Walsh* matters based on the same evidence on behalf of the same former plan participants, and Defendants are defending both cases using the same

4

evidence and arguments. There is no logical reason to try the same case twice, much less any rationale that could overcome the very compelling (and self-evident) reasons to consolidate the cases for trial.

Defendants respectfully request that their motion to consolidate be granted.

Dated: March 10, 2022

/s/ Peter J. Brann
Peter J. Brann
pbrann@brannlaw.com
Stacy O. Stitham
sstitham@brannlaw.com
Eamonn R.C. Hart
ehart@brannlaw.com
BRANN & ISAACSON
184 Main Street, 4th Floor
Lewiston, ME  04243-3070
(207) 786-3566

E. Thomas Henefer
eth@stevenslee.com
STEVENS & LEE
111 North Sixth Street
P.O. Box 679
Reading, PA 19603
(610) 478-2000

*Attorneys for Defendants*
*Maine Oxy-Acetylene Supply Co.*
*Daniel Guerin and Bryan Gentry*

Kevin M. Sibbernsen
K. Joshua Scott
Jackson Lewis P.C.
100 International Drive, Suite 363
Portsmouth, NH 03801
(603) 559-2700 | Main
Kevin.sibbernsen@jacksonlewis.com
kjoshua.scott@jacksonlewis.com

*Attorneys for Defendant*
*Carl Paine*